UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RANDY BURDICK,<br><br>       Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>       Defendant. | NO: 1:17-CV-3027-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 12; 14). The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court GRANTS Defendant's Motion (ECF No. 14) and DENIES Plaintiff's Motion (ECF No. 12).

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ~ 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The

party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe as or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§

404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). If the

analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed Title II and Title XVI applications for disability insurance benefits and supplemental security income disability benefits on July 18, 2013. Tr. 15. Plaintiff alleged disability beginning July 1, 2009. Tr. 15. Both applications were denied initially and upon reconsideration, Tr. 80-99, 100-129. Plaintiff requested a hearing. Tr. 8-10. A hearing was held before an Administrative Law Judge on July 15, 2015. Tr. 32-79. The ALJ rendered a decision denying Plaintiff benefits on September 24, 2015. Tr. 17-26.

The ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through March 31, 2014. Tr. 15. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2009, the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff had severe impairments of: degenerative disc disease; affective disorder; and anxiety disorder. Tr. 17. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal a listed impairment. Tr. 18. The ALJ then determined that Plaintiff had the residual functional capacity to:

perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) including the following limitations. He can frequently stoop, crouch and balance. He is capable of remembering and completing tasks involving one or two steps. He is capable of performing simple, repetitive work. He can have occasional contact with the public averaging less than 10 minutes an occurrence.

TR. 20. At step four, the ALJ found that Plaintiff was not able to perform his past relevant work as a painter. Tr. 20-21. At step five, after considering the Plaintiff's age, education, work experience, and residual functional capacity, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. Tr. 25. The vocational expert testified that Plaintiff would be able to perform occupations such as a housekeeper, inspector/hand packager, and product assembler. Tr. 25. Thus, the ALJ concluded that Plaintiff was not disabled and denied his claims on that basis. Tr. 26.

On December 14, 2016, the Appeals Council denied Plaintiff's request for review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

## ISSUES

Plaintiff raises two issues for review:

    1) Whether the ALJ committed reversible error in rejecting Plaintiff's testimony as not credible.

2) Whether the ALJ committed reversible error in weighing the medical opinions.

ECF No. 12 at 5.

## DISCUSSION

A. **Plaintiff's Testimony**

Plaintiff alleges that the ALJ did not give specific, clear and convincing evidence that Plaintiff's testimony was not credible. ECF No. 12 at 6. The Court disagrees. In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. §§ 416.908; 416.927. As long as the impairment "could reasonably be expected to produce [the] symptoms," the claimant may offer a subjective evaluation as to the severity of the impairment. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). If an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). An ALJ may reject a claimant's symptom testimony "only by providing specific, clear, and convincing reasons[.]" *Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015) (quotation and citation omitted).

In the event that an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas*, 278 F.3d at 958. In making such a determination, the ALJ may consider, inter alia: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id*.

The ALJ found Plaintiff not entirely credible because the objective medical evidence did not support Plaintiff's complaints that he was limited to sedentary work. Tr. 21-22. As the ALJ reasonably found, "[t]he medical evidence does not support the claimant's allegations and instead shows the he retains the maximum residual functional capacity (RCF) to perform a range of light tasks with limited social interaction." Tr. 21. The ALJ specifically found:

> On physical examination, the claimant's back is negative for costovertebral angle (CVA) tenderness. (1F/4). The range of motion (ROM) on musculoskeletal examination is normal, without any swelling or deformities. No cyanosis, clubbing or edema is present. He does not have any motor or sensory deficits. Back pain is treated conservatively with muscle relaxers and anti-inflammatory. (3F/5). Imaging of the spine shows only mild degenerative changes at L4-L5 with moderate degenerative facet arthrosis. (11F/1). Similarly, only mild degenerative facet arthrosis is seen at L5-S1. His gait is non-antalgic. (11F/5). He

> walks heel-to-toe without difficulty. (11F/9). Romberg testing is negative. Finger-to-nose testing is within normal limits. In April 2015, the claimant's back pain was improving with treatment and medication. (14F/5). Examination does not show any changes in his vision. (14F/9).

Tr. 21-22. Given the lack of objective medical records substantiating a severe impairment, ALJ reasonably found that the medical records did not support Plaintiff's testimony regarding the severity of his condition. Tr. 22. Notably, the credibility assessment is only triggered when the objective medical evidence could reasonably be expected to produce the claimant's pain or other symptoms, *Bunnell*, 947 F.2d at 345, so there is a question as to whether the credibility assessment was even necessary given these findings.

The ALJ further found Plaintiff's daily activities were inconsistent with his represented severity of pain and restrictions. Tr. 22. Plaintiff testified that he is unable to work because of his anxiety, depression, and back pain. He further testified that he is unable to stand for more than twenty five minutes, has memory issues, is anxious around people, and is unable to sit for more than thirty minutes. Tr. 21. However, Plaintiff testified that he is able to perform painting and building projects, walk around the fence line of his five acre property, care for the horses, drive a car, and walk with his grandchildren in the park. Tr. 22. Notably, Plaintiff represented that he is not painting or building furniture because there are no jobs, as opposed to an inability to perform the work itself. *Id*. The ALJ reasonably

found that this testimony contradicted Plaintiff's testimony that his functional abilities are severely limited. Tr. 21.

The lack of objective medical evidence substantiating the severity of the complaints and the inconsistencies between Plaintiff's claimed limitation and daily activities are clear and convincing reasons for finding that the Plaintiff was not credible. As noted above, given the lack of objective medical evidence, it is unclear whether the credibility analysis was even necessary. *Bunnell*, 947 F.2d at 345. Accordingly, the Court finds that the ALJ did not err in finding Plaintiff not entirely credible.

B. **Opinions of Treating and Examining Doctors**

Plaintiff contends that the ALJ erred in according (1) partial weight to the consultative physician opinion of Philip G. Barnard, Ph.D. and (2) little weight to the treating physician opinion of Caryn Jackson, M.D. ECF Nos. 15-21.

A treating physician's opinions are generally entitled to substantial weight in social security proceedings. *Bray*, 554 F.3d at 1228. If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by

substantial evidence." *Id.* (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted).

Here, because the opinions are contradicted by other opinions assigning Plaintiff a higher functional capacity, the ALJ need only provide specific and legitimate reasons supported by substantial evidence.

In discounting the opinion of Dr. Barnard, the ALJ reasonably found that the opined limitation of Plaintiff (1) is inconsistent with Plaintiff's daily activities and the longitudinal record in terms of objective medical evidence, (2) is based in part on a GAF score that only pertains to Plaintiff's functionality for a very finite period of time, and (3) is otherwise deficient because Dr. Barnard "listed the least instead of the most [that] the claimant could still do" and failed to review Plaintiff's medical records when assessing him. Tr. 23. These are specific and legitimate reasons for discounting the opinion of Dr. Barnard.

As to the opinion of Caryn Jackson, M.D. the ALJ reasonably found the opinion limiting Plaintiff to sedentary tasks (1) did not reconcile the opined limitation with Plaintiff's daily activities, (2) had reduced credibility because Dr. Jackson listed symptoms instead of objective findings in assessing the RFC, (3)

was not supported by a concise, narrative analysis with citations to credible, persuasive evidence of record, and (4) is speculative because Dr. Jackson state she still needed labs, a CT scan for Plaintiff's abdomen and a referral to surgery. Tr. 23. The ALJ also reasonably found Dr. Jackson's separate medical source opinion was deficient because the opinion (1) conflicted with her own medical records (2) discussed functionality in terms of symptoms rather than what the objective findings show, (3) relied on Plaintiff's subjective reports, which were not entirely credible, instead of her own findings or other acceptable testing, and (4) was not supported with medical records. Tr. 24.

The Court finds that the ALJ did not err in discounting the opinions based on, among other things listed above, the inadequate medical and narrative support for the opinions and the reliance on Plaintiff's subjective complaints, which the ALJ found were not entirely credible. *Bray*, 554 F.3d at 1228 ("the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings"); *Ghanim v. Colvin*, 763 F.3d 1154 1162 (9th Cir. 2014) (an ALJ may discount a medical opinion if that opinion is based "'to a large extent' on an applicant's self-reports and not on clinical evidence" and the ALJ properly finds the applicant to be not credible (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008))).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** December 14, 2017.



THOMAS O. RICE
Chief United States District Judge